UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JULIE WILSON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 18-cv-01216-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR LEAVE TO AMEND**<br><br>**[ECF No. 6]**<br><br>**AND**<br><br>**(2) DISMISSING CASE WITH PREJUDICE** |

　　　Before the Court is Plaintiff Kendrick Bangs Kellogg's motion for leave to amend the Complaint. (ECF No. 6.) For the reasons herein, the Court denies the motion and dismisses the Complaint (ECF No. 1) with prejudice.

**I.　BACKGROUND**

　　　Since March 2016, Kellogg has filed four actions, including the present action, in the Southern District of California against several defendants seeking the "return property social security benefits plus interest" that defendants' actions from 1994 to 2009 allegedly caused Plaintiff to lose. *Kellogg v. Olsen*, No. 16-cv-00640-BAS-

JLB, ECF No. 1 (S.D. Cal. Mar. 15, 2016); *Kellogg. v. Wilson*, No. 17-cv-00353-BAS-JLB, ECF No. 1 (S.D. Cal. Feb. 22, 2017); *Kellogg. v. Wilson*, No. 17-cv-01505-BAS-JLB, ECF No. 1 (S.D. Cal. July 25, 2017); *Kellogg. v. Wilson*, No. 18-cv-1216-BAS-JLB, ECF No. 1 (S.D. Cal. June 11, 2019). The complaints in each of these cases have contained substantively identical allegations and spanned some 70-pages of unintelligible pleadings. This Court dismissed on the pleadings the three cases preceding the present case. *See Olsen*, No. 16-cv-00640-BAS-JLB, ECF No. 44 (S.D. Cal. Sept. 29, 2016 (motion to dismiss filed by defendants granted); *Wilson*, No. 17-cv-00353-BAS-JLB, ECF No. 17 (S.D. Cal. July 11, 2017) (dismissing action with prejudice as frivolous by conducting mandatory screening under 28 U.S.C. § 1915(e) because Kellogg proceeded *in forma pauperis*); *Wilson*, No. 17-cv-01505-BAS-JLB, ECF No. 19 (S.D. Cal. Feb. 21, 2018) (dismissing case with prejudice and precluding Kellogg from filing additional complaints in the case).

In this Court's prior dismissal order, the Court dismissed Kellogg's fifth amended complaint for failure to comply with Federal Rule of Civil Procedure 8's requirement that pleadings must be "simple, concise, and direct." *Wilson*, No. 17-cv-1505, ECF No. 19 at 4–5. The Court observed that that complaint was similar to the prior complaint of seventy-five pages in length, with twenty-four pages of single-spaced conclusory or confusing allegations and over fifty pages of exhibits. *Id*. at 4. The Court denied as moot Kellogg's motion for leave to amend and advised Kellogg that no additional complaints would be entertained. *Id.* at 5. After nine attempts to file an amended complaint which the Court rejected (ECF Nos. 21–30), Kellogg submitted a letter to the Court requesting "a new case number and hearing date at 10am" to file "this last complaint that has no more than 70 pages." (ECF No. 31 (docketed on June 11, 2018).) On the same day that letter was docketed, the Clerk of the Court opened the instant case with a complaint virtually identical to the prior complaint this Court dismissed with prejudice. *Kellogg. v. Wilson*, No. 18-cv-1216-BAS-JLB, ECF No. 1 (S.D. Cal. June 11, 2019).

## II. DISCUSSION

As an initial matter, the Court's prior Order in *Wilson*, No. 17-cv-1505, ECF No. 19, raises a barrier to Kellogg's complaint in this case. That Order prohibited Kellogg from filing any additional amended complaints. Yet, Kellogg appears to believe that he may circumvent that prohibition by obtaining a new case number. He may not do so. Rule 41(b) permits a court to *sua sponte* dismiss a case for failure to comply with a court order. Fed. R. Civ. P. 41(b); *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008). By seeking to file the very amended complaint he was prohibited from filing in this Court's *Wilson* Order, No. 17-cv-1505, Kellogg fails to comply with the terms of that Order as well as the successive nine orders in which the Court rejected Kellogg's attempts to file amended complaints. The Court concludes that Kellogg's complaint in this case is subject to *sua sponte* dismissal on this basis.

Even assuming that a new docket number could potentially "wipe clean" the slate for Kellogg, Kellogg's complaint in this case would be subject to dismissal for the same reasons identified in the Court's *Wilson* Order. A court may dismiss a complaint *sua sponte* that does not comply with Rule 8's mandate that pleadings be "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129, 1131 (9th Cir. 2008) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 849 (9th Cir. 2000). The Complaint in this case runs afoul of this rule because like the prior two amended complaints filed in *Wilson*, No. 17-cv-1505, the Complaint in this case is seventy-six pages in length, containing twenty-four pages of single-spaced conclusory or confusing allegations starting in the early 1990's with over fifty pages of exhibits. (ECF No. 1.) *Sua sponte* dismissal by the Court of the Complaint is once again appropriate.

As a final matter, Kellogg has filed a motion for leave to amend the Complaint. The Court's prior rejection of Kellogg's motion for leave to amend in *Wilson* and

prohibition on additional complaints should foreclose Kellogg's motion for leave to amend. Even if it did not, a motion for leave to amend the pleadings may be denied if it appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). Kellogg's motion for leave to amend is subject to denial on these grounds. Although styled as a motion for leave to amend, it does not in fact amend any of the deficient pleadings in the Complaint and instead purports to set forth a witness list and a random, unexplained list of case law citations and parentheticals. (ECF No. 6.) As such, the motion does nothing to conform the pleadings to Rule 8 and permitting amendment would be futile. Accordingly, the Court denies the motion.

### III. CONCLUSION &ORDER

For the foregoing reasons, the Court **DENIES** Kellogg's motion for leave to amend. (ECF No. 6.) The Court *sua sponte* **DISMISSES WITH PREJUDICE** Kellogg's Complaint. (ECF No. 1.) Kellogg has already been advised that he may not file additional complaints, which applies equally to this case. <u>Kellogg may not circumvent this order by requesting a new case number.</u> The Court advises Plaintiff that any complaints he files which are substantively identical to the complaints which have been dismissed in either this case or *Wilson*, No. 17-cv-1505, will be subject to summary dismissal. The Clerk of the Court is directed to close this case.

As a final matter, Kellogg is advised that he risks being declared a vexatious litigant for his repeated filing of frivolous complaints concerning that same subject matter against many of the same defendants. If Kellogg initiates a fifth action based on the same allegations in the previously dismissed complaints, the Court will issue an order to show cause why Kellogg should not be declared a vexatious litigant.

**IT IS SO ORDERED.**

**DATED: July 24, 2018**

Hon. Cynthia Bashant
United States District Judge